LOUIS PERES et al., Respondents, v. JUAN SUNOL, Appellant.

No. 2024; November 25, 1870.

**Deed.—A Part Owner Who, Through the Fraud of His Co-owner** by the medium of a deed pretending to effect an exchange of properties, believes he owns the whole of a tract and so conveys a half interest to a third party, also not knowing of the fraud, whereby he has nothing left, cannot, if on learning of the fraud he makes no effort to have

the deed set aside but chooses rather to accept large compensation for the fraud, make a subsequent deed to a fourth party of whatever interest may remain in him, which last deed passes nothing at all.

APPEAL from Fifteenth Judicial District, Contra Costa County.

E. J. Pringle for respondents; H. Allen for appellant.

CROCKETT, J.—In the year 1852 Jose Noriega and Robert Livermore were the owners, in equal moieties, as tenants in common, of two separate ranchos—"Los Positas" and "Canada de los Vacqueros." In that year, Livermore conveyed all his interest in the two ranchos to his wife and children, by deed absolute, which was duly recorded. In the following year, and whilst Noriega was ignorant of the conveyance from Livermore to his wife and children, an agreement was made between Noriega and Livermore, whereby the former agreed to convey to the latter all his interest in the Positas rancho, in consideration of a conveyance by the latter to the former of all his interest in the Vacqueros rancho, and the payment of a sum of money. In other words, the interest of Noriega in the "Positas" was exchanged for the interest of Livermore in the "Vacqueros," together with a sum of money to be paid by Livermore. The contract for the exchange was consummated by mutual conveyances and the payment of the stipulated sum by Livermore. But Livermore had already conveyed all his interest in the "Vacqueros" rancho to his wife and children, of which fact Noriega was ignorant; so that the deed from Livermore to Noriega in fact conveyed nothing, inasmuch as Livermore had then no title to convey. But under the belief that he had acquired the title, by means of this conveyance, to Livermore's one-half of the rancho, Noriega conveyed to Corey one undivided half of it, believing at the time that he owned the whole. There is no pretense that any deception or fraud was practiced by Corey on Noriega; on the contrary, it is plain from the proofs that Corey was also under the belief that the deed from Livermore to Noriega was operative to convey to the latter one-half the rancho; and consequently, that he thereafter owned the whole. But it appears in the case that, after his conveyance to Corey, Noriega discovered the fact of the prior

conveyance from Livermore to his wife and children; and became aware for the first time that he had acquired no title under his deed from Livermore. Thereupon, it was mutually agreed between them that Livermore would pay, and Noriega would accept, the sum of six thousand dollars as a full satisfaction for the loss which the latter had suffered by reason of the failure of his title under the deed from the former; and this sum was accordingly paid. Noriega admits that the six thousand dollars exceeded the value, at that time, of one-half the rancho. Thus the transaction appears to have been adjusted to the mutual satisfaction of the parties, and no litigation ensued. But subsequently, Noriega conveyed whatever interest he had in the rancho to one Fernandez, who paid no consideration therefor, and the defendant deraigns title under this conveyance. This action is ejectment to recover a portion of said rancho; and the plaintiffs Peres and Altuba deraign their title under the deed from Noriega to Corey, and the plaintiffs Patterson and Miller under the deed from Livermore to his wife and children. From this statement of facts, it is evident the title is in the plaintiffs, unless the deed from Noriega to Corey was for some reason invalid and inoperative. At the time of its execution, Noriega had title to only one undivided half of the rancho, having acquired no title, for the reasons already stated, to the other half, under the deed from Livermore. His entire interest in the rancho, therefore, passed to Corey, if the deed to the latter was a valid and operative conveyance; and in that event, no interest remained in Noriega, to be afterward conveyed to Fernandez, under whom the defendant claims. The only ground on which the deed from Noriega to Corey is sought to be impeached is, that it was executed under a mistake as to the quantity of interest which Noriega owned in the rancho; which mistake was superinduced by the alleged fraudulent concealment by Livermore of his prior conveyance to his wife and children. As between Noriega and Corey, the only ground on which the deed to the latter could have been set aside, even in a court of equity, on a bill filed for that purpose, would have been that it was executed under a mistake of the parties to it, as to the quantity of interest which Noriega owned in the rancho. But Noriega made no effort to set it aside. On the contrary, he was paid by Livermore, and

accepted, full satisfaction for any loss he may have incurred by reason of Livermore's alleged fraud, or his own mistake, which was superinduced thereby. It is clear that after accepting this satisfaction from Livermore, he could have maintained no action to set aside the deed to Corey on the ground of mistake. No court of equity would have listened to such an application, after Noriega had accepted from Livermore a full indemnity for the loss suffered by the mistake; and particularly if there had been no offer to return or account for the money paid as such indemnity. But whatever right Noriega may have had, as against Corey, to vacate and set aside this deed in a court of equity, it is sufficient to say that he has made no effort to set it aside. That the deed was not void is too plain for argument; and even if it were voidable, the title subsequently acquired under it by purchasers for value, without notice, would be valid. But without pursuing the discussion further, the fact that after accepting a full indemnity from Livermore, Noriega could not have vacated or impeached his deed to Corey, in a direct proceeding for that purpose, in a court of equity, is decisive of this action. By that deed he conveyed to Corey his entire interest in the rancho; and consequently, his subsequent deed to Fernandez, under whom the defendant claims, conveyed no title, either legal or equitable.

Judgment affirmed.

We concur: Wallace, J.; Temple, J.; Rhodes, C. J.